IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | |
|---|---|
| IN RE: ) | CHAPTER 11 CASE |
| ) | NUMBER 17-20095 |
| JAMES EDWARD ALLEN ) | |
| ) | **FILED** |
| Debtor ) | Lucinda B. Rauback, Clerk |
| ) | United States Bankruptcy Court |
| SOUTHEASTERN BANK ) | Brunswick, Georgia |
| ) | *By cking at 3:36 pm, Jun 05, 2017* |
| Creditor/Movant ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES EDWARD ALLEN ) | |
| ) | |
| Debtor ) | |

## OPINION AND ORDER DISMISSING MOTION FOR RELIEF FROM STAY

This matter came on for hearing on the motion for relief from the automatic stay under 11 U.S.C. § 362(d) ("Motion") by Southeastern Bank, with opposition by Debtor James Edward Allen. The Bank seeks relief to proceed with a sheriff's sale under a prepetition state court consent judgment ("Consent Judgment") that resolved a fraudulent transfer action the Bank had brought against Allen and other defendants. Under the Consent Judgment, Allen and one co-defendant were found to have transferred two parcels of real property in McIntosh County ("Property") "with intent to hinder, delay, and defraud" the Bank. (Consent Judgment, ECF No. 19.)

AO 72A
(Rev. 8/82)

At the close of the hearing, I took under advisement the question that must be answered before reaching the merits of the Motion: whether under the Consent Judgment any interest in the Property revested in Allen and thereby became property of the bankruptcy estate upon the filing of this chapter 11 case.

The answer depends on what it means under Georgia law for the transfer to be "declared void," as the Consent Judgment states. Allen argues that "void" means void ab initio, as if the transfer had never happened, and that Allen therefore held at least an equitable interest in the Property at the filing of the case. See 11 U.S.C. § 541(a)(1) (providing that property of the estate includes both legal and equitable interests of the debtor in property as of the commencement of the case). The Bank argues that "void" means void as to the Bank, but good as between the parties. Under the Bank's interpretation, the Consent Judgment did not rewind the transfer, and Allen thus had no interest in the Property at the commencement of the case.

The Bank is correct. Under Georgia law, the Consent Judgment did not revest in Allen any interest in the Property, which is therefore not property of the bankruptcy estate and

thus not protected by the automatic stay.[1] The Motion is therefore dismissed as unnecessary.

## FINDINGS OF FACT

The facts are not in dispute. In August 2013, Allen and a business associate, John Littlefield, quitclaimed the Property to an LLC they had incorporated the month before. In June 2014, the Bank, which was a judgment creditor of Allen and Littlefield, filed a lawsuit in the Superior Court of McIntosh County under Georgia's version of the Uniform Fraudulent Transfers Act ("GUFTA"), O.C.G.A. §§ 18-2-70 et seq.,[2] alleging that the transfers of the Property to the LLC were fraudulent.

The Consent Judgment, entered in April 2016, declared the transfers "void" under O.C.G.A. § 18-2-74 and also stated that the LLC held title to the Property in a constructive trust for the benefit of the Bank. (ECF. No. 19 at 1.) The LLC was enjoined from transferring or encumbering the Property until the Bank's judgment against Allen and Littlefield was paid, and the Bank was authorized to levy execution on the Property if not paid by November 1, 2016. (Id. at 1-2).

---

[1] In his brief, Allen's counsel raised for the first time an alternative argument, that the relief sought by the Bank constitutes an "action . . . to recover a claim against the debtor" under § 362(a)(1). (Debtor's Br. 5, ECF No. 38.) This argument is without merit. In the cases cited in support, the actions stayed were the fraudulent transfer actions. Here, the fraudulent transfer action has concluded with the Consent Judgment.

[2] The Act has since been revised and renamed the "Uniform Voidable Transactions Act." See 2015 Ga. Laws 996, § 4A-1 (effective July 1, 2015).

On February 6, 2017, the day before the Property was to be judicially sold by the McIntosh County Sheriff, Allen filed this bankruptcy case. Upon notice of the filing, the Bank stopped the sale.

## CONCLUSIONS OF LAW

A consent order is essentially the parties' binding agreement approved by the court and is therefore construed according to the rules of contract construction. Olympus Media, LLC v. City of Dunwoody, 780 S.E.2d 108, 111 (Ga. Ct. App. 2015). Those rules thus apply to the Consent Judgment.

The prior question, however, is whether any construction of the term at issue here is permissible. In interpreting a contract, the court must first decide whether the contract language is plain and unambiguous. Sheridan v. Crown Capital Corp., 554 S.E.2d 296, 298 (Ga. Ct. App. 2001). "[W]here the language of a contract is plain and unambiguous, no construction is required or permissible and the terms of the contract must be given an interpretation of ordinary significance." Olympus Media, 780 S.E.2d at 111 (quoting Corliss Capital, Inc. v. Dally, 602 S.E.2d 304 (Ga. Ct. App. 2004)).

## I. The Word "Void" Is Ambiguous.

Allen argues that "void" is an unambiguous word defined by Black's Law Dictionary to mean "of no legal effect." (Debtor's Br. 3, ECF No. 38.) But even a word so commonly understood can be ambiguous, depending on the context. Hope Elec. Enters., Inc. v. Schindler Elevator Corp., 752 S.E.2d 5, 8 (Ga. Ct. App. 2013). A word is ambiguous when it may be "fairly understood in more than one way." Sheridan, 554 S.E.2d at 298. "Void" is such a word.

Courts across jurisdictions disagree on the meaning of "void" in the context of a fraudulent transfer. Early fraudulent transfer statutes and many that were patterned after them provided that the prohibited conveyance was "void." 37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 77. Even so, most courts construed "void" to mean "voidable" and voidable only at the option of creditors. Id. Whereas "void" signifies a nullity, "voidable" means "[t]hat which operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." First State Bank of Nw. Ark. v. McClelland Qualified Pers. Residence Tr., No. 5:14-CV-130(MTT), 2015 WL 5595566, at *6 (M.D. Ga. Sept. 21, 2015) (quoting Dal-Tile Corp. v. Cash N' Go, Inc., 487 S.E.2d 529, 532 (Ga. Ct. App. 1997)).

As one bankruptcy court in Illinois explained about that state's pre-UFTA statute, a fraudulent transfer was still valid as between the transferor and the transferee notwithstanding the word "void" in the statute:

> In spite of the clear language in the statute, the cases decided under this statutory scheme did not treat such transfers as completely "void," but rather held that despite the fact that such a conveyance was void as against creditors, it was still valid as between the transferor and the transferee.

Rodriguez v. Citibank (In re Nowicki), 202 B.R. 729, 736 (Bankr. N.D. Ill. 1996). On the other hand, Allen cites cases in which a "void" transfer resulted in an interest in title reverting to the transferor: Kirkeby v. Superior Court of Orange Cty., 93 P.3d 395 (Cal. 2004); Nat'l Loan Inv'rs, L.P. v. Givens, 952 P.2d 1067 (Utah 1998); Nw. Cascade, Inc. v. Unique Constr., Inc., 351 P.3d 172 (Wash. Ct. App. 2015). The conflicting cases confirm that "[u]nfortunately, the distinction between a void and voidable deed is often extremely tenuous." 2 Daniel F. Hinkel, Pindar's Georgia Real Estate Law & Procedure § 19:102 (7th ed. Supp. April 2016).

If the court decides the language of the contract is ambiguous, the next step is to apply the rules of contract construction to resolve the ambiguity. Sheridan, 554 S.E.2d at 298-99. Some of Georgia's rules of construction are codified. See O.C.G.A. 13-2-2. Others are judge-made, including the rule

AO 72A
(Rev. 8/82)

that resolves the ambiguity of "void" in the Consent Judgment: "Contracts should be given a construction that renders them in compliance with a governing statute rather than in contravention thereof." State Farm Fire & Cas. Ins. Co. v. Terry, 495 S.E.2d 66, 71 (Ga. Ct. App. 1997), aff'd sub nom. Terry v. State Farm Fire & Cas. Ins. Co., 269 Ga. 777 (1998).

## II. Under Georgia Law, Fraudulent Transfers Are Voidable, Not Void.

"Where a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction." Abernathy v. City of Albany, 495 S.E.2d 13, 15 (Ga. 1998). Under previous versions of the state's fraudulent transfer statute, Georgia courts consistently held that the word "void" in the statute meant "voidable."

More than a century ago, the Georgia Supreme Court observed, "We know of no law which declares a conveyance made for the purpose of hindering, delaying, or defrauding creditors absolutely null and void." McDowell v. McMurria, 33 S.E. 709, 710 (Ga. 1899). The court had been asked to rule on a superior-court decree declaring a deed that fraudulently tranferred property "null and void" and ordering "that said deed be

delivered up to be canceled." Id. at 709. The appeal raised the following two questions:

- What was the proper construction of the decree in the context of a lawsuit brought by creditors under a statute that made fraudulent transfers void as to creditors?

- Was the transferor still divested of the interest he had conveyed under the deed?

Id. at 710.

The court ruled that "null and void" meant null and void as to the creditors and that "the decree is not to be construed to go further, and change the legal relation of the parties to the deed of conveyance." Id. Indeed, the decree could not have gone further, because the superior court lacked jurisdiction: "Under the proceedings above indicated, the court would not have had jurisdiction to have declared such an instrument absolutely void, nor of canceling the same as to all persons." Id.

Reaching back to common law for the ruling's historical basis, the court added, "[I]t would seem scarcely necessary to cite authority to support the doctrine that such conveyances are not invalid between the parties to the instrument." Id. at 711. The court then went on to cite four of its own cases and a treatise on fraudulent transfers that explained how rendering a fraudulent transfer "void" only as to creditors aligned with

statutory intent: "The statute was designed solely to protect the rights of creditors, and consequently it renders a fraudulent transfer void only as against them, and makes no provision whatever in regard to its effect between the parties." Id.

Cases under later versions of the Georgia Code agree.

In 1957, the Georgia Supreme Court reiterated, "Where a deed is made to defraud creditors, it is good as between the parties thereto and those in privity with them, though void as to creditors." Fuller v. Fuller, 97 S.E.2d 306, 309 (Ga. 1957); see also Mercantile Nat'l Bank v. Aldridge, 210 S.E.2d 791, 794 (Ga. 1974) ("[T]he law . . . declares the instrument void so far as creditors who held demands against the donor at the time of the conveyance are concerned").

In 2000, the Georgia Court of Appeals explained again that void did not mean completely void, citing as authority a case from 1932:

> The fact that a transfer is made with the intent to defraud creditors, however, does not make it void for all purposes; it simply makes the transfer void as to the creditors and those with claims on the transferor. The transfer remains valid as between the transferor and transferee and their privies.

Thomas Mote Trucking, Inc. v. PCL Civil Constructors, Inc., 540 S.E.2d 261, 266-67 (Ga. Ct. App. 2000) (citing McCranie v. Cobb, 162 S.E. 692 (Ga. 1932)).

Thus, Allen's argument that "void means void" finds no support in case law.

Further, it finds no support in the language of the statute itself. With the passage of GUFTA in 2002, the word "void" disappeared:[3]

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation:
>
> > (1) With actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

O.C.G.A. § 18-2-74 (effective to June 30, 2015). And as to remedies:

> (a) In an action for relief against a transfer or obligation under this article, a creditor . . . may obtain:
>
> > (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim . . . .

O.C.G.A. § 18-2-77 (effective to June 30, 2015).

Counsel for the Bank, adamant that this dispute provides no basis for establishing new law, nevertheless worries: "God knows that bankruptcy, being no heir of Elizabethan or common law, casts a broad shadow over jurisprudence and is a mystery to many." (Bank's Br. 5, ECF No. 37.) Here, there is no mystery.

---

[3] Under GUFTA's immediate-predecessor statute, fraudulent transfers were still as to creditors "null and void." 4 Samantha M. Khosla, Georgia Jurisprudence Business Torts and Trade Regulation § 2:27 (March 2017 Update).

The word "void" in the Consent Judgment means void as to the Bank, not void ab initio. No interest in the Property, whether legal or equitable, revested in Allen under the Consent Judgment. The Property is thus not property of the bankruptcy estate, but instead is property of the LLC.


**ORDER**

Southeastern Bank's motion for relief from the automatic stay is therefore **ORDERED DISMISSED** as unnecessary.


JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this ___ day of June, 2017.

AO 72A

(Rev. 8/82)